IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARDO R. CHAVEZ, #A6068476, <br><br> Petitioner, <br><br> vs. <br><br> JUDGE PAUL B.K. WONG, DPA THALIA MURPHY, ATTORNEY SALINA KANAI ALTHOF, <br><br> Respondents. | CIV. NO. 18-00417 SOM-RLP <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING ANY REQUEST FOR WRIT OF MANDAMUS |

Before the court is Petitioner Leonardo R. Chavez's Petition for Writ of Habeas Corpus. Chavez alleges that the Honorable Paul B.K. Wong, Judge of the First Circuit Court, State of Hawaii ("circuit court"), Deputy Prosecuting Attorney ("DPA") Thalia Murphy, and Chavez's court-appointed criminal defense attorney, Salina Kanai Althof, Esq., are violating his constitutional rights during his ongoing criminal proceedings in the circuit court.[1]

For the following reasons, Chavez's Petition for Writ of Habeas Corpus is DISMISSED and any request for a certificate of appealability is DENIED. To the extent Chavez seeks a Writ of Mandamus, that request is also DENIED.

---

[1] Chavez is awaiting trial for Murder in the Second Degree and Carrying or Use of a Firearm in the Commission of a Separate Felony. *See State v. Chavez*, 1PC141000360 (Haw. 1st Cir. Ct. 2014), http://www.courts.state.hi.us/.

# I. BACKGROUND

Chavez asks the court to intervene in his ongoing state circuit court criminal proceedings by ordering Judge Wong to recuse, and commanding DPA Murphy and Ms. Althof "to cease and decease all further representation for the state and/or as standby counsel." Pet., ECf No. 1, PageID #2. Chavez alleges that Judge Wong and DPA Murphy have a conflict of interest, because Judge Wong is presiding and DPA Murphy is the prosecutor in a criminal trial that involves Chavez's expert witness's son. Chavez claims that his expert witness, Marvin Acklin, Ph.D., is being coerced into withholding exculpatory evidence in Chavez's case to gain leniency from Wong and Murphy for his son. Chavez also claims that Judge Wong has given him an unconstitutional ultimatum: to either proceed with Ms. Althof as his attorney, or proceed pro se.

Chavez requests a hearing within forty-eight hours and seeks appointment of new counsel "pursuant to 18 U.S.C.A. § 3006A, HRS § 802-1, and Article 1, Section 5 and 14 of the Hawaii Constitution and the 6th and 14th Amendments of the United States Constitution." *Id.* Chavez has made several identical requests in the circuit court. *See* Exs. to Pet., ECF Nos. 1-2-1-5. On October 1, 2018, Chavez filed his most recent petition in the circuit court seeking to remove Wong, Murphy, and Althof from his criminal proceedings. *See id.*, ECF No. 1-3.

## II. 28 U.S.C. § 2241

Because Chavez is a pretrial detainee and is not in custody pursuant to a state court judgment, the court construes his Petition as brought pursuant to 28 U.S.C. § 2241. *See Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007) (holding § 2241 is the appropriate vehicle for pretrial detainee's challenge to detention); *Barnes v. Ige*, 2018 WL 907389, at *2 (D. Haw. Feb. 15, 2018) (construing state pretrial detainee's petition as brought under § 2241). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

## III. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires the court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A.  Younger Abstention**

Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.

423, 431 (1982) (stating that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 591 (2013); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund.*, 754 F.3d 754, 759 (9th Cir. 2014).

If these threshold elements are met, the court must determine whether the federal action would have the practical effect of enjoining the state proceedings, in which case abstention is appropriate (unless a recognized exception to the abstention doctrine applies). *See id.* If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice. *ReadyLink Healthcare, Inc.*, 754 F.3d at 759. "The doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity." *Washington v. Los Angeles Cty. Sheriff's Dep't*,

4

833 F.3d 1048, 1058 (9th Cir. 2016). A dismissal on jurisdictional grounds curtails an examination of the merits. *Id.* (citing *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011)).

*Younger'*s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Chavez's criminal proceedings are ongoing. Second, Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) (recognizing "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Chavez can raise his federal constitutional issues in the state circuit court, and in fact, is in the process of doing so.

"The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There are no apparent procedural bars preventing Chavez from raising his claims in his criminal proceedings, on direct appeal, or even in a state post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.

5

Granting Chavez the relief he seeks would impermissibly interfere with his ongoing state criminal trial in a manner inconsistent with *Younger*'s prohibition against inserting unwarranted federal court oversight into an ongoing state criminal proceeding.

Nothing within the record or in the state court docket indicates that Chavez's state criminal trial is being conducted in bad faith or that any extraordinary circumstance exists. This court therefore abstains from interfering in Chavez's ongoing state criminal proceedings. Because Chavez does not seek damages, his Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

**B.     Writ of Mandamus**

To the extent that Chavez seeks a writ of mandamus, as his Petition suggests and as he is seeking in the circuit court, that request is DENIED. Under 28 U.S.C. § 1361, district courts have original jurisdiction to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when: (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is

available. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). This court lacks jurisdiction to issue a writ of mandamus to command an action or inaction by a state circuit court. *See, e.g.*, *Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991).

## III. CONCLUSION

Chavez's Petition is DISMISSED without prejudice pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). To the extent Chavez seeks a Writ of Mandamus, that request is DENIED. The Clerk of Court is DIRECTED to close the file and to terminate this action.

IT IS SO ORDERED.

DATED: November 5, 2018, at Honolulu, Hawaii.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Chavez v. Wong*, No. 1:18 cv 00417 SOM RLP; psa scrng '17 Chavez 18 417 som (Mandamus Younger abst.); J:\PSA Draft Ords\SOM\Chavez 18 417 som (Mandamus, Younger abst.).wpd.